IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILING DEPOSITORY

**FILED**

JAN 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JAMES O. SCOTT<br>801 Hoods Mill Road, G-8<br>Woodbine, MD 21707 | )<br>)<br>) |
| Plaintiff | ) |
| vs. | ) |
| UNITED STATES OF AMERICA | ) |
| SERVE ON: | ) |
| Ronald C. Machen, Jr.<br>U.S. Attorney for the District of Columbia<br>Judiciary Center Building<br>555 Fourth Street, NW<br>Washington, DC 20530 | )<br>)<br>)<br>)<br>) |
| Eric Holder, Jr.<br>United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | )<br>)<br>)<br>)<br>) |
| And | ) |
| Dr. Sushama Sreekumar<br>6900 Georgia Avenue North West<br>Washington, DC 20307 | )<br>)<br>) |
| Dr. Paul A. Hemmer<br>4301 Jones Bridge Road<br>Bethesda, MD 20814 | )<br>)<br>) |
| Dr. Justin Curley,<br>8901 Wisconsin Ave<br>Bethesda, MD 20889-5600 | )<br>)<br>) |
| Defendants. | ) |

Case: 1:12-cv-00141
Assigned To : Boasberg, James E.
Assign. Date : 1/23/2012
Description: PI/Malpractice

## COMPLAINT

was an adult residing in the state of Maryland.

8. At all times relevant hereto Defendant, Dr. Sreekumar was an employee of the United States of America (hereinafter "U.S. Government").

9. At all times relevant hereto Defendant, Dr. Hemmer was an employee of the United States of America (hereinafter "U.S. Government").

10. At all times relevant hereto Defendant, Dr. Curley was an employee of the United States of America (hereinafter "U.S. Government").

11. That on September 1, 2006, Plaintiff, James Scott, a 60-year-old male that presented complaint with complaints of right knee pain and was initially evaluated and diagnosed by Dr. Sreekumar as having knee arthritis.

12. That on July 5, 2007 Plaintiff presented to Dr. Hemmer where the symptoms had significantly worsened and were now present on a daily basis. No additional diagnostic workup was ordered including x-rays or MRI scans and the old 2006 x-ray was used for diagnostic purposes.

13. That no further orthopedic consultation was entertained and his condition was simply "written off" as being arthritic and he was given Tylenol and capsaicin to deal with his symptoms.

14. That on August 9, 2007 Plaintiff returned to see Dr. Curly where his symptoms were identified as 10/10, relying on the 2006 x-rays. Plaintiff was not referred to an orthopedic surgeon.

15. Dr. Curley stated that Plaintiff was not a surgical candidate without having performed any diagnostic workup or obtaining a surgical opinion. Dr. Curley sent the Plaintiff to physical therapy for his arthritis.

16. That on or about September 2007, Plaintiff was seen by Dr. Robert Viener, an orthopedic surgeon who obtained an MRI scan and confirmed that there was a complex torn medial meniscus involving the posterior horn of the right knee.

17. ON September 18, 2007 Plaintiff was taken to surgery by Dr. Viener where he performed an arthroscopic partial medial meniscectomy and chondroplasty of the right knee.

18. There was no contributory negligence on the part of the Plaintiff.

## COUNT I.
## (NEGLIGENCE- MEDICAL MALPRACTICE)

19. The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

20. Dr. Sreekumar failed to perform a good faith examination of Plaintiff's right knee on which to base an assessment and treatment plan.

21. Dr. Hemmer failed to obtain new x-ray and to obtain an MRI scan on which to base his diagnosis and treatment plan.

22. Dr. Hemmer failed to refer Plaintiff to an orthopedic surgeon for evaluation and treatment since the condition had worsened and not improved over time and required the expertise of an orthopedic surgeon.

23. Dr. Curley failed to obtain new radiologic studies including x-ray and MRI scan of the right knee on which to base his diagnosis and treatment.

24. Dr. Curley failed to refer Plaintiff to an orthopedic surgeon for a condition that was not improving and that required the expertise of an orthopedic surgeon.

25. Dr. Curley was negligent in assessing that the condition was not surgical and would not benefit from surgery without being a surgeon himself, without performing a diagnostic workup including MRI scan to determine if there was s surgical condition.

26. At all times Defendants failed to diagnose internal derangement and torn medial meniscus.

27. At all times Defendants were negligent causing delay in appropriate surgical treatment for internal derangement and torn medial meniscus, right knee.

28. Plaintiff's injuries were the direct and proximate result of Defendants' negligence. The Plaintiff has suffered, and will continue to suffer from his injuries including extreme pain and suffering, pecuniary loss, and emotional distress.

29. The negligence of the U.S. Government acting through its employees, ostensible agents, and/or servants, including Dr. Sreekumar, Dr. Hemmer and Dr. Curley, directly and proximately caused the Plaintiff to suffer serious injuries, pain and suffering, pecuniary loss and emotional distress.

WHEREFORE, Plaintiff, James O. Scott demand judgment against Defendants, jointly and severally in the amount Three Million Dollars ($3,000,000.00), plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of judgment.

Respectfully submitted,

**KEMET & HUNT, PLLC**

_____
Hughie D. Hunt, Esq.
DC Bar #486347
4920 Niagara Road, Suite 206
College Park, MD 20740
Attorney for Plaintiff
(301) 982-0888

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues in this matter.

                                                                                                                  Hughie D. Hunt, Esq.